# United States District Court
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| TANG, INC. | § | |
| | § | |
| v. | § | 6:13-cv-407 |
| | § | |
| THOMAS TRUCKING, LLC, | § | |
| TIMOTHY DEWAYNE PUGH, | § | |
| SHREVEPORT SPRING, BRAKE & | § | |
| AXLE, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendants Thomas Trucking, LLC's and Timothy Dewayne Pugh's Motion to Exclude (Doc. No. 99) and Motion to Strike (Doc. No. 110). This is a negligence action defended by three defendants, but they are not all aligned. Two aligned defendants seek to have the Court exclude a portion of Plaintiff's expert opinion that is unfavorable to them. They contend the opinion is unreliable because the expert cannot render his opinion with absolute certainty. Having considered the parties' arguments and the applicable law, the Court **DENIES** Defendants' Motion to Exclude and Motion to Strike (Doc. Nos. 99, 110).

## Background

This case arises out of an accident that took place outside of Nacogdoches, Texas. The accident occurred when the right front wheel of a truck snapped off its axle, rolled into Plaintiff Tang, Inc.'s liquor store, and started a fire. The truck was a Peterbuilt tractor-trailer driven by Defendant Timothy Dewayne Pugh and owned by Defendant Thomas Trucking, LLC (the aligned Defendants).

Just days before the accident, Thomas Trucking had the truck serviced by Defendant Shreveport Spring, Brake and Axle, Inc. ("Shreveport Brake," the unaligned defendant) be-

cause the truck's wheel had been pulling toward the right. The owner of Thomas Trucking, Anthony Thomas, picked the truck up after its servicing. The parties do not dispute that a mechanic at Shreveport Brake overly tightened the bearings on the right front wheel.

As Thomas drove away from Shreveport Brake, he noticed that the truck continued pulling to the right. Thomas called the owner of Shreveport Brake to find out if there was a problem. Thomas and the owner of Shreveport Brake offer conflicting accounts of what was said during that conversation.

Thomas testified that the owner of Shreveport Brake told Thomas not to worry because the bearings would loosen as Thomas drove further. But Shreveport Brake's owner testified that he did not and would not have given that advice. Instead, the owner testified that he would have told Thomas to bring the truck back for further inspection.

Thomas returned to his shop, jacked the truck up, inspected the wheels, and put extra grease in the right front wheel. When Thomas had Pugh drive the truck for a job, Thomas warned Pugh about the truck pulling to the right and told Pugh to keep an eye on the issue. Thomas also gave Pugh extra oil to keep the wheel bearings lubricated if the issue persisted.

Plaintiff's expert, Robert S. Arnold, offered an opinion that Shreveport Brake over tightened the wheel bearing, which created the dangerous condition that led to the accident. Arnold, who holds numerous certifications in automobile safety and has years of experience with automotive engineering, also opined that the aligned Defendants contributed to the accident because they operated the truck even though they knew a dangerous condition existed. The aligned Defendants take issue with and seek to exclude only Arnold's opinion implicating their liability.

## Legal Standard

Under Federal Rule of Evidence 702, the Court must make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Id.* at 152. The ultimate inquiry is whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact, warranting admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

In a jury trial setting, the Court's role is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role. Instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. See *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002). As the Supreme Court explained in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993), "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Accord Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir.2002).

## Analysis

The aligned Defendants attack the reliability of Arnold's opinion that their acts and omissions contributed to the accident. They do not focus on whether Arnold's credentials and methodology are adequate. Instead, they argue Arnold's opinion is not reliable because he could not offer it with absolute certainty. To support their contention, the aligned Defendants

point to several instances during Arnold's deposition where Arnold admits that he does not know certain things to be absolutely true.

Arnold offered several opinions regarding the aligned Defendants' acts and omissions in this case. Based on his years of experience and certifications in automobile safety and engineering, Arnold opined that a truck pulling to the right is a warning sign of an over-tightened wheel bearing. Arnold also opined that the owner of a truck exhibiting signs of an over-tightened wheel bearing should not operate that truck until a mechanic inspects and resolves the issue. Arnold ultimately concluded that Thomas could have avoided the accident by taking the truck to be re-checked, either by Shreveport Brake or, preferably, by a certified mechanic.

The aligned Defendants contend that Arnold's opinion cannot be reliable because he is speculating that taking the truck back for re-inspection would have prevented the accident. Indeed, Arnold acknowledged in his deposition that he cannot say with 100% certainty that taking the truck back to be re-inspected would have prevented the accident. But Arnold does state that he strongly believes that a mechanic inspecting the truck under the circumstances would have caught and corrected the issue because of the signs indicating an over-tightened wheel bearing.

Arnold's admission that he does not know with 100% certainty whether a re-inspection would have avoided the accident does not render his opinion unreliable. *See Pipitone*, 288 F.3d at 249. Absolute certainty is not the goal of expert testimony. *See Daubert*, 509 U.S. at 589. Instead, reliability and the ability to assist the trier of fact are the goals of expert testimony. *See Valencia*, 600 F.3d at 424. Arnold based his opinion on his education and

experience as applied to the facts of the case. Therefore, Arnold's opinion is both sufficiently reliable and relevant to assist the trier of fact. *See id.*

Further, some of the uncertainty in Arnold's opinion is the result of divergent testimony between employees of Thomas Trucking and Shreveport Brake, whose interests are adverse to one another. Those factual disputes are credibility questions for the jury and are not appropriately resolved by a *Daubert* challenge. *See Pipitone*, 288 F.3d at 249–50. Such issues are appropriately resolved through vigorous cross-examination during trial. *See Mathis*, 302 F.3d at 461. Accordingly, the Court **DENIES** Defendants' Motion to Exclude.

As to the aligned Defendants' Motion to Strike (Doc. No. 110), the Court finds the motion to be without merit. The aligned Defendants filed a motion to strike the evidence Plaintiff relied on in responding to their motion to exclude under a variety of admissibility rules. But, as the aligned Defendants concede in their reply (Doc. No. 114 at 1), Federal Rule of Evidence 104 does not require the Court to determine the admissibility of evidence while acting as a gatekeeper in a *Daubert* challenge. Accordingly, the Court **DENIES** Defendants' Motion to Strike (Doc. No. 110).

## Conclusion

For the reasons stated more thoroughly above, the Court **DENIES** the aligned Defendants' Motion to Exclude and Motion to Strike (Doc. Nos. 99, 110).

**It is SO ORDERED.**

**SIGNED this 2nd day of December, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE